UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TOMMY DALE ROSENBALM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:20-CV-116 |
| | ) | |
| TAMMY REAGAN, LT. STARLA | ) | |
| BERRY, JOSH SMITH, SOUTHERN | ) | Judge Collier |
| HEALTH PARTNERS, RUSTY LOZA, | ) | |
| and CLAIBORNE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This is a pro se prisoner's complaint for violations of 42 U.S.C. § 1983. Plaintiff's complaint [Doc. 2] is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, Plaintiff's claims for (1) failure to protect, against Defendants Berry, Reagan, and Claiborne County, and (2) denial of medical care, against Defendant Loza, will proceed herein. All other claims against Defendants will be **DISMISSED**.

### I.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.

2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for a violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.     ALLEGATIONS

On October 21, 2019, Defendant Smith placed Plaintiff in a general population cell despite Plaintiff making Defendant Smith and the jail administrators aware that his acquaintance, Craig Owlsey, was a 911 dispatch officer and a community corrections officer, which Plaintiff states meant his safety would be at risk in general population cells in the Claiborne County Jail [Doc. 2 at 5]. On October 22, 2019, an unknown officer under the direction and supervision of Defendant Smith unlocked Plaintiff's cell, at which point a number of inmates attacked Plaintiff, causing him to lose hearing in his left ear and to sustain several cuts and bruises to his face and head [*Id.*]. Plaintiff made Defendant Loza, a nurse at the facility, aware of his injuries after this attack and repeatedly requested medical attention, but did not get any [*Id.*]. Plaintiff asserts this was a violation of his constitutional rights by Defendants Loza and Southern Health Partners [*Id.*].

Subsequently, on November 14, 2019, Defendant Reagan moved Plaintiff to another general population pod despite Plaintiff requesting not to be housed there due to his acquaintance, Craig Owlsey, and the prior attack on him on October 22, 2019 [*Id.* at 6]. Within ten minutes of this rehousing, other inmates attacked Plaintiff and he was sent to medical for his injuries [*Id.*].

2

Approximately three weeks later, on December 6, 2019, Defendants Reagan and Berry moved Plaintiff back to the same general housing pod in which he was attacked in November 2019, and "intentionally housed [Plaintiff] in a unit where [he] was in the proximity of a known enemy" [*Id.* at 7]. Officer Robert Sexton[1] was aware that inmates in general population were not allowed to be housed in the cell to which Plaintiff was moved [*Id.*]. Subsequently, on December 9, 2019, Plaintiff was assaulted and robbed by inmates while Officer Sexton held open the door to his cell [*Id.*]. Plaintiff suffered injuries and requested medical help, but Defendant Loza did not provide him with medical care [*Id.*].

Plaintiff alleges that the actions of Defendants Reagan, Berry, and Smith were in accordance with a custom or policy of Claiborne County and/or the Claiborne County Sheriff's Department under which untrained officers "provoke, allow, encourage, and fail[] to take measure[s] to abate ass[a]ults" in the jail [*Id.* at 8].

Plaintiff seeks punitive, declaratory, monetary, and injunctive relief [*Id.* at 9].

### III. ANALYSIS

#### A. Claiborne County Sheriff's Department

First, the Claiborne County Sheriff's Department cannot be sued under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity that may be sued under § 1983). However, as Plaintiff alleges a custom or policy of Claiborne County was a moving force behind violations of his constitutional rights, the Court liberally construes Plaintiff's allegations against the Sheriff's Department as being made against Claiborne County and the Clerk will be **DIRECTED** to substitute Claiborne County as a defendant in its place.

---

[1] Plaintiff did not name Officer Sexton as a Defendant in this action.

3

B.  **Failure to Protect**

Next, it is apparent that Plaintiff seeks to hold Defendants Reagan, Berry, and Smith liable for the attacks on him by other inmates, and asserts that their failure to protect him from those attacks was due to a custom or policy of Claiborne County.

The Eighth Amendment guarantees prisoners a constitutionally protected right to personal safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). This includes the right to be protected "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). As such, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). A state actor may be liable under § 1983 for violating an inmate's right to safety where he (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

As set forth above, Plaintiff alleges that he was in danger in the general population pods in the Claiborne County Jail because he has an acquaintance who is a 911 dispatch officer and a community corrections officer. Plaintiff also alleges that despite him telling Defendants Reagan, Berry, and Smith about this danger, Defendant Smith housed him in a general population pod and allowed an officer to unlock Plaintiff's cell on October 22, 2019, and Defendants Reagan and Berry later rehoused him in two different general population pods, including a pod where he had been attacked several weeks prior, despite knowing of the previous attack(s) on him and/or that Plaintiff had an enemy in the pod.

However, the mere fact that Plaintiff had an acquaintance who is a 911 dispatch officer and a community corrections officer does not support an inference that Plaintiff faced a substantial risk of attack by other inmates, and thus no Defendant could have been deliberately indifferent to any

4

such risk by simply knowing about this acquaintance. In other words, no facts in the complaint support a finding that the fact the Plaintiff had an acquaintance in law enforcement put him at a substantial risk of attack by other inmates, nor does Plaintiff set forth any facts to explain how other inmates in the jail would have known that he had this acquaintance or that any Defendant knew or should have known that other inmates would have knowledge of this acquaintance. Thus, Plaintiff's claims for failure to protect arising out of this acquaintance are conclusory and fail to state a claim upon which relief may be granted under § 1983. *Twombly*, 550 U.S. at 555 (providing that a complaint must contain more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action to state a claim for relief). As this is Plaintiff's only claim against Defendant Smith, this Defendant will be **DISMISSED**.

However, liberally construing Plaintiff's allegations that in November 2019, Defendant Reagan rehoused him in a different general population pod after he had been attacked in a general population pod in the weeks prior, and that in December 2019, Defendants Berry and Reagan deliberately rehoused him in the same pod where an inmate had previously attacked him and where he was in the presence of a known enemy, the Court can plausibly infer that these Defendants may have failed to take reasonable steps to protect Plaintiff from a substantial risk of harm. Moreover, Plaintiff has adequately alleged that this failure to protect was due to a custom or policy of Claiborne County. Thus, these claims will proceed against Defendants Reagan, Berry, and Claiborne County.

### C. Denial of Medical Care

Plaintiff's allegations that Defendant Loza twice failed to provide him with medical care after the inmate attacks on him despite his injuries and his requests adequately allege violations of his Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (providing that a prison

5

official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment). However, Plaintiff's allegation that Defendant Southern Health Partners likewise violated his constitutional rights because Defendant Loza failed to respond to Plaintiff's requests for medical care is conclusory and fails to state a claim upon which relief may be granted under § 1983, as it is not supported by any facts from which the Court can plausibly infer that any custom or policy of Southern Health Partners was a moving force behind Defendant Loza's failure to act. *See Iqbal*, 556 U.S. at 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (holding that a private corporation acting under color of state law may be liable only where its custom or policy caused a constitutional violation) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to substitute Claiborne County for Claiborne County Sheriff's Department as a defendant in this matter;

2. All claims against Defendants Smith and Southern Health Partners are **DISMISSED**;

3. Only Plaintiff's claims for (1) failure to protect, against Defendants Berry, Reagan, and Claiborne County, and (2) denial of medical care, against Defendant Loza, will proceed herein;

4. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Reagan, Berry, Loza, and Claiborne County. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty (20) days** of receipt of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

5. Plaintiff is forewarned that if he does not return the completed service packets within the time required, the Court will dismiss this action;

6. Defendants shall answer or otherwise respond to the complaint within **twenty-one (21) days** from the date of service of process. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**