## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| TOMMY DALE ROSENBALM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    3:20-CV-116 |
| | ) | |
| TAMMY REAGAN, LT. STARLA | ) | Judge Collier |
| BERRY, RUSTY LOZA, and | ) | |
| CLAIBORNE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983.  On June 23, 2020, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of entry of that order to return service packets for the remaining Defendants [Doc. 6].  The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 6].  More than thirty-five days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court.  Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).  The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

> drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988), *superseded by statute on other grounds, as recognized in Vance, by and Through Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *6 (6th Cir. 1999) (table).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, the Court warned Plaintiff that it would dismiss this case if he failed to comply with the Court's order [Doc. 6]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff is proceeding *in forma pauperis* in this matter and he has not complied with the Court's previous order or otherwise communicated with the Court despite having ample time to do so.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**An appropriate order will enter**.

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**